IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BENJAMIN VAN WINKLE AND § | | |
| BRYSON WILSON § | | |
| *Plaintiffs* § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| CRUMTRANS LLC AND § | | |
| STEVEN MATHEWS § | | |
| *Defendants* § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, BENJAMIN VAN WINKLE and BRYSON WILSON, (hereinafter referred to as "PLAINTIFFS"), and files this their Original Complaint complaining of CRUMTRANS LLC and STEVEN MATHEWS (hereinafter referred to as "Defendants") and for cause of action would respectfully show unto the Court as follows:

## I.
## JURISDICTION AND VENUE

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiff, BENJAMIN VAN WINKLE is a citizen of the State of Texas and resides and is a permanent resident at 10896 CR 246 S in Tyler, Texas. The Plaintiff, BRYSON WILSON is a citizen of the State of Texas and resides and is a permanent resident at 730 E Waller Road in Kemp, Texas. The Defendant, CRUMTRANS LLC, is a foreign corporation, organized and formed in the State of Arkansas, is not a citizen of the State of Texas and has as its principal place of business 2200 Live Oaks Drive in Little Rock, Arkansas

72223. Defendant, STEVEN MATHEWS, is not a citizen of the State of Texas and is a citizen of the state of Arkansas residing at 2503 Cherry Xing Benton Saline, Arkansas 72015.

(2) Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## PARTIES

(3) The Plaintiffs are residents of Smith County, Texas.

(4) The Defendant, CRUMTRANS LLC is a foreign Corporation organized and existing under the laws of Arkansas and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to its registered agent, Michael Crum at 2200 Live Oaks Drive, Little Rock, Arkansas 72223 via certified mail, return receipt requested.

(5) Defendant, STEVEN MATHEWS, is an individual residing at 2503 Cherry Xing Benton Saline, Arkansas 72015 and is at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code. Defendant, STEVEN MATHEWS, may be served with process by serving him pursuant to the Texas Long Arm Statute §17.044 and §17.061 of the Texas Civil Practice and Remedies Code by serving the Chairman of the Texas Transportation Commission via certified mail, return receipt requested and with instructions that the Chairman of the Texas

Transportation Commission shall then forward a duplicate copy of process and the suit papers to STEVEN MATHEWS, 2503 Cherry Xing Benton Saline, Arkansas 72015 via certified mail, return receipt requested.

## III.
## FACTUAL ALLEGATIONS

(6)     On or about January 28, 2023, Plaintiff, BENJAMIN VAN WINKLE, was operating a 2021 Maroon Dodge Ram 2500 Pick up truck bearing VIN # 3C6UR5CJ6MG608901 and bearing License Plate # TX SLH8568 in a safe and prudent manner while traveling westbound on State Highway 92 in Jones County, Texas. Plaintiff, BRYSON WILSON, was a passenger in the vehicle, Plaintiff, BENJAMIN VAN WINKLE, was operating. The Defendant, STEVEN MATHEWS, was an employee of the Defendant, CRUMTRANS LLC and was operating a 2013 Red Kenworth Tractor Truck bearing VIN # 1XKAD48X9DJ344786 and bearing Arkansas License Plate # K821249 and while towing a 2011 Benson truck trailer bearing VIN # 1TTF532A9B3466602 and bearing Arkansas License Plate # PT213380 was traveling westbound on State Highway 92 and was attempting to pass the vehicle Plaintiff, BENJAMIN was operating. The Defendant, STEVEN MATHEWS, operated the truck/trailer in question in a negligent, careless and reckless manner by failing to yield the right of way to Plaintiff's vehicle, to pass when it was not safe to do so, and failed to maintain a proper lookout, which ultimately caused the collision in question. As a result of the collision in question, Plaintiffs sustained severe permanent and disabling injuries.

(7)     At all times relevant to this lawsuit, Defendant's employee, STEVEN MATHEWS, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(8) At all times relevant to this lawsuit, Defendant, CRUMTRANS LLC was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

(9) At all times relevant to this lawsuit, Defendant, CRUMTRANS LLC, was a "motor carrier" as defined by 49 U.S.C. §13102(14).

(10) At all times relevant to this lawsuit, Defendant, CRUMTRANS LLC was an "employer" as defined by 49 C.F.R. §390.5.

(11) At all times relevant to this lawsuit, STEVEN MATHEWS, was an "employee" of Defendant, CRUMTRANS LLC as per 49 C.F.R. §390.5.

(12) Further, at the time the accident made the basis of this lawsuit and at all times material hereto, STEVEN MATHEWS, was an employee of Defendant, CRUMTRANS LLC and operating a commercial motor vehicle on behalf of Defendant, CRUMTRANS LLC under and by the authority of Defendant, CRUMTRANS LLC pursuant to Defendant, CRUMTRANS LLC's, Federal DOT Number 3738305.

## IV.
## CAUSE OF ACTION

(13) Plaintiffs incorporate by reference paragraphs 1 through 12 above.

(14) Plaintiffs allege that the Defendant, through the acts and/or omissions of its employees, including STEVEN MATHEWS, were negligent and such negligence was a proximate cause of the injuries in questions. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of the Defendant and its agents, servants, and/or employees:

    A. In attempting to pass a vehicle when it was unsafe to do so.
    B. In failing to yield the right of way.
    C. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

D. In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.
E. In failing to move the vehicle appropriately to avoid the accident made the basis of this lawsuit as would have been made by a person exercising ordinary care and prudence under the same or similar circumstance;
F. In failing to apply his brakes as would have done by a person exercising ordinary care and prudence under the same or similar circumstances;
G. In failing to properly control his speed;
H. In failing to maintain an assured clear distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;
I. In attempting to pass another vehicle at an intersection;
J. In attempting to pass Plaintiff's vehicle at the intersection of State Highway 92 and CR 195 in Jones County, Texas.
K. In attempting to pass another vehicle in a dangerous, careless, and reckless manner by remaining in the oncoming lane of travel for approximately 19 seconds.
L. Negligent in other respects.

(15)    Defendant's employee, STEVEN MATHEWS acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se[1]. In this regard, STEVEN MATHEWS, violated the standards of conduct set forth in Tex. Trans. Code in one or more of the following ways:

    a. In violating Texas Transportation Code §70.056 (A), which provides, "The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions and special rules hereinafter stated. (A) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle," which constituted negligence per se.
    b. In violating Texas Transportation Code § 545.053 (a) which provides "An operator passing another vehicle; (1) shall pass to the left of the other vehicle at a safe distance; and (2) may not move back to the right of the roadway until safely clear of the passed vehicle, which constituted negligence per se.
    c. In violating Texas Transportation Code § 545.054 which provides, "(a) an operator may not drive on the left side of the center of the roadway in passing

---

[1] Plaintiff asserts that in the event any of these allegations and statutes plead do not constitute negligence per se under Texas law, said statutes are being plead for the purpose of setting out the standard of care which the Defendant at all times material hereto, was required to adhere to and a violation of same would have constituted negligence under common law.

    another vehicle unless: (1) driving on the left side of the center of the roadway as authorized by this subtitle; and (2) the left side is clearly visible and free of approaching traffic for a distance sufficient to permit passing without interfering with the operation of the passed vehicle or a vehicle approaching from the opposite direction", which constituted negligence per se.

    d. In violating Texas Transportation Code §545.056 (a)(1), which provides, "An operator may not drive to the left side of the roadway if the operator is (1) approaching within 100 feet of an intersection or railroad grade crossing outside a municipality and the intersection or crossing is shown by a sign or marking in accordance with Section 545.055," which constituted negligence per se.

    e. In violating Texas Transportation Code §545.351(b), which provides, "an operator may not drive a vehicle at a speed that is greater than is reasonable and prudent under the conditions and having regarding to actual and potential hazards then existing, and shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care," which constituted negligence per se.

    f. In violating Texas Transportation Code §545.060(a), which provides, "an operator on a roadway divided into two or more clearly marked lanes for traffic: 1. Shall drive as nearly as practical entirely within a single lane; and 2. May not move from the lane unless that movement can be made safely," which constituted negligence per se.

    g. In violating Texas Transportation Code §545.103, which provides, "an operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely," which constituted negligence per se.

    h. In violating Texas Transportation Code §545.062(a) which provides, "an operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway," which constituted negligence per se.

(16) Plaintiff further states that the Defendant's employee, STEVEN MATHEWS' acts and/or omissions which constituted negligence per se was a proximate cause of the accident and the injuries in question.

**V.**
**CAUSE OF ACTION: DEFENDANT CRUMTRANS LLC**

(17) Plaintiff incorporates by reference paragraphs 1 through 16 above.

## VI.
## RESPONDEANT SUPERIOR

(18)     Plaintiff would further show that at the time of the accident made the basis of this lawsuit, STEVEN MATHEWS, was an employee of Defendant, CRUMTRANS LLC and acting within the course and scope of his employment for Defendant, CRUMTRANS LLC and in the furtherance of the business interest and pursuits of said Defendant.  In this regard, Plaintiff hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of STEVEN MATHEWS is imputed to Defendant, STEVEN MATHEWS and Defendant, CRUMTRANS LLC is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(19)     Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, STEVEN MATHEWS, was, and is considered a statutory employee of Defendant, CRUMTRANS LLC pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, CRUMTRANS LLC is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

## VII.
## PERMISSIVE USE

(20)     Plaintiffs would further show that prior to the time the collision occurred, Defendant, CRUMTRANS LLC was the owner and was in possession, custody and control of the truck tractor driven by STEVEN MATHEWS, on the date of the accident made the basis of this lawsuit.  On or about January 28, 2023, Defendant, CRUMTRANS LLC directed STEVEN MATHEWS, to use the vehicle in question for the purposes of operating it on the public

streets and highways of Texas and, therefore, STEVEN MATHEWS, operated said vehicle with the knowledge, consent and permission of Defendant, CRUMTRANS LLC.

## VIII.
## NEGLIGENT AND GROSS NEGLIGENT ENTRUSTMENT

(21).   Plaintiffs would further show that Defendant CRUMTRANS LLC was the owner of the vehicle that was being driven by Defendant STEVEN MATHEWS at the time of the occurrence made the basis of this lawsuit. Plaintiffs would also show that Defendant CRUMTRANS LLC was negligent and grossly negligent in entrusting the commercial motor vehicles to Defendant STEVEN MATHEWS who was a careless, incompetent and reckless driver. Defendant CRUMTRANS LLC knew or should have known that Defendant STEVEN MATHEWS was a careless, incompetent and reckless driver. Plaintiffs would further show that Defendant CRUMTRANS LLC was negligent and grossly negligent in entrusting the vehicles to its employee, Defendant STEVEN MATHEWS, which in turn was a proximate cause of the collision and the occurrence made the basis of this lawsuit and the resulting injuries and damages to Plaintiffs set out below.

(22).   Further Defendant STEVEN MATHEWS' negligent acts and/or omissions were a primary and direct cause of the wreck.  Defendant CRUMTRANS LLC owed a duty of care, or alternatively, a high duty of care, to the motoring public, including Plaintiffs, to entrust their vehicles with the degree of care that a commercial motor carrier would use under the same or similar circumstances. Defendant STEVEN MATHEWS' various incidents, accidents, and violations of the FMCSRs placed Defendant CRUMTRANS LLC, on actual notice (or it reasonably should have known) that Defendant STEVEN MATHEWS, was an unsafe, careless, reckless, and incompetent driver who was an accident waiting to happen. Defendant STEVEN

MATHEWS, based on the evidence uncovered in this case had a history of unsafe acts and/or omissions that Defendant CRUMTRANS LLC knew or should have known made Defendant STEVEN MATHEWS was a severe risk to himself and the motoring public. Defendant CRUMTRANS LLC, entrusted the 2013 Red Kenworth Tractor Truck that is the subject of this lawsuit to Defendant STEVEN MATHEWS. Defendant STEVEN MATHEWS was an incompetent, reckless, or careless driver and Defendant CRUMTRANS LLC knew or should have known that Defendant STEVEN MATHEWS was an incompetent, reckless or careless driver. Defendant CRUMTRANS LLC was negligent per se by violating numerous federal and state statutes and regulations. Defendant STEVEN MATHEWS' negligent acts and/or omissions on the occasion in question proximately caused injuries and damages to Plaintiffs as more fully set out below. Defendant CRUMTRANS LLC aided and abetted the unsafe and dangerous practices of Defendant STEVEN MATHEWS which Defendant CRUMTRANS LLC knew presented a severe risk of serious injury or death and which Defendant CRUMTRANS LLC also knew or should have known about. The conduct of Defendant CRUMTRANS LLC and Defendant STEVEN MATHEWS both before and after the collision made the basis of this lawsuit evidences a clear pattern and practice of dangerous and unsafe conduct demonstrating they simply did not care. Each of these acts and/or omissions was a proximate cause of the injuries and damages as set out below.

### IX.
### NEGLIGENT AND GROSS NEGLIGENT
### HIRING, RETENTION, TRAINING AND CONTROL

(23)    Plaintiff further alleges that Defendant, CRUMTRANS LLC through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and

injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, CRUMTRANS LLC:

    a.    In hiring and/or retaining its employee driver;

    b.    In allowing its employee to drive the vehicle in question; and

    c.    In failing to instruct, supervise, and control its employee driver.

## X.
## MALICE

(24)    Plaintiff further alleges that Defendant, CRUMTRANS LLC by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff. Plaintiff further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff. Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff. Plaintiff further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff. In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

# XI.
# DAMAGES

(25) Plaintiff, BENJAMIN VAN WINKLE, damages include past, and probable future loss, which includes:

   a. Pain and mental anguish;

   b. Physical and mental impairment

   c. Disfigurement;

   d. Loss of Wages;

   e. Loss of Wage Earning Capacity; and

   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(26) Plaintiff, BRYSON WILSON, damages include past, and probable future loss, which includes:

   a. Pain and mental anguish;

   b. Physical and mental impairment

   c. Disfigurement;

   d. Loss of Wages;

   e. Loss of Wage Earning Capacity; and

   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(27) Plaintiff respectfully requests a trial by jury on all issues.

(28) Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and

post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

    Respectfully submitted,
    *s/ Jimmy M. Negem, Sr.*
    Jimmy M. Negem, Sr.
    State Bar No. 14865500
    Joe M. Worthington
    State Bar No. 22009950
    Jimmy M. Negem, Jr.
    State Bar No. 24115371
    Nicholas M. Negem
    State Bar No. 24123713
    Negem & Worthington
    1828 E SE Loop 323, Suite R – 1A
    Tyler, Texas 75701
    903.595.4466 (telephone)
    903.593.3266 (facsimile)
    Jimmy@Negemlaw.com
    **ATTORNEYS FOR PLAINTIFFS**